Filed 5/27/22  P. v. Mejia CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081930 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF16969) |
| JOSHUA MICHAEL MEJIA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

Defendant Joshua Michael Mejia was convicted of robbery and first degree murder in 2005.  He petitioned for resentencing under Senate Bill No. 1437 (2017–2018

*Before Hill, P. J., Levy, J. and Peña, J.

Reg. Sess.) (Senate Bill 1437) in 2019.  The court concluded defendant had made a prima facie showing of eligibility for relief, so it issued an order to show cause and set the matter for an evidentiary hearing.

After holding a telephonic evidentiary hearing during which defendant represented himself, the court denied the petition.  On appeal, defendant argues the court applied the wrong standard at the evidentiary hearing, requiring reversal of the denial of his petition. The People concede the court used the wrong standard when denying the petition, but they contend the error was harmless and the denial of the petition should be affirmed.

We reverse the trial court's order denying the petition and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Petition for Resentencing*

In 2019, defendant filed a petition for recall of his sentence pursuant to Penal Code section 1170.95 and a declaration in support.  (Undesignated statutory references are to the Penal Code.)  He stated he was convicted of first degree murder in 2005.  He asserted "[t]he prosecution chose to argue two distinct theories of criminal liability— either that he was directly guilty of murdering the victim, Mr. Robert Johannes, or that he took part or was present during a robbery, or theft in which the victim was murdered by his Codefendant[, Josh Perry]."  Defendant asserted the jury was presented with the felony-murder theory of liability and the natural and probable consequences doctrine as a basis for finding defendant guilty of murder.  And the verdict forms did not indicate which theory the jury relied upon to find him guilty.  He further asserted new evidence could either "exculpate him of direct-murder liability or strengthen the finding of 'natural probable consequences liability['] and still require vacation of the conviction." Defendant requested the appointment of counsel, that he be present for any hearing, and stated he did not "waive any appearances involving any matters."  In his attached declaration, defendant stated he was not the actual killer; he did not intend to kill, or aid

2.

or encourage the killing in any way; and he did not act as a major participant in the felony with reckless indifference to human life. He challenged certain evidence introduced at trial and argued other evidence that was not introduced discredited evidence in favor of the guilty verdict and suggested his codefendant, Perry, murdered the victim. He asserted his first degree murder conviction could not stand in light of the changes to sections 188 and 189 and the retroactive application of *People v. Chiu* (2014) 59 Cal.4th 155. He also filed an application for postconviction discovery pursuant to section 1054.9.

The People responded to the petition, arguing defendant failed to make a prima facie showing he is eligible for relief. They argued defendant was the "actual killer"; accordingly, he failed to show he could not be convicted of murder under the amended laws. They argued the record established defendant was the only person inside the victim's house when the victim was killed; defendant's "hand/finger prints were found near the body and on a weapon that was likely the murder weapon[;] he was in possession of items stolen from the victim's residence after the murder[;] and the victim's blood was found on articles of clothing the defendant had been wearing at the time of the murder."

After the parties submitted briefing on the petition, the court issued an order to show cause and set the petition for an evidentiary hearing. Defendant then filed a supplemental reply and request to be transported to the evidentiary hearing or, alternatively, that a telephonic hearing be held.

The People filed a separate memo on the order to show case in which they summarized some of the testimony presented at defendant's trial, including defendant's testimony in which he stated he saw Perry beat the victim. The People cited certain jury instructions given, including CALJIC No. 8.71 on first degree felony murder. They also quoted the following statements from our court's opinion from defendant's direct appeal: "The evidence that the person who [murdered the victim] was [defendant] came from numerous other sources and was compelling if not overwhelming." The People urged the trial court to consider whether there was substantial evidence a reasonable trier of fact

3.

could have found defendant guilty, beyond a reasonable doubt, under a still valid theory of murder. They noted the prosecutor presented two theories of murder at trial: first degree premeditated murder and felony murder in the course of both robbery and/or burglary. They argued defendant "could have and was likely convicted of first-degree implied malice murder." Alternatively, they asserted, even if defendant was convicted of first degree felony murder, the record established he was the actual killer and, thus, ineligible for relief. They asserted defendant's theory his codefendant Perry killed the victim was unsupported by any evidence. They also denied defendant's claim the jury was instructed on the natural and probable consequences doctrine. Defendant moved to strike the People's opposition on the ground he was not properly served; the court denied the motion.

At the evidentiary hearing on defendant's section 1170.95 petition, the court stated, "[I]t's my understanding from review of all the pleadings, that the People … presented two theories of murder. One, first degree premeditated murder and, then also, as another alternative theory, Felony Murder in the course of robbery and/or burglary. So it was both of those."[1] The court then explained its understanding of the applicable standard of review: "1170.95 requires that [defendant] would not have been able to be convicted of first degree murder in the case. That the only way [defendant] would have been convicted of murder is based on the Felony Murder Rule. [¶] And so the People then have … to establish that [defendant] could have been convicted … by the jury of murder …, even without the Felony Murder Rule."

Defendant asked whether the People were relying on the record of conviction and appellate opinion to meet their burden; the court confirmed that was correct. Defendant then argued the record of conviction was "incomplete, inaccurate, or irrelevant information when consulted with the prima facie showing." He argued "there's no telling

---

[1]Defendant appeared telephonically and represented himself.

what type of theory was held by the jury in this case. The general verdict of first degree murder was held in this case. There is no other specified identifying—anything, whether there was any true special findings/circumstances, let alone none were charged." Defendant argued the People submitted a "boilerplate pleading that specifies that [he] would be ineligible for relief based on the record," but they have the "ultimate burden to determine whether [he] may be convicted beyond a reasonable doubt that he was ineligible for resentencing." Relying on new evidence he submitted with his petition, defendant argued it was more likely that his codefendant, Perry, was at the victim's house and committed the crime. He asserted he could have been found guilty, not for killing the victim, but for merely taking property from the victim's house.

The People responded the court should look at the record in the light most favorable to the judgment. They noted the jury was presented with a felony-murder theory, but "even under the Felony Murder Rules there is more than enough evidence in the record to show the Defendant was the actual … killer, was also a major participant, and also an aider and abettor to the murder; so he would not get the benefits to the change in law." They argued there was direct evidence presented at trial regarding defendant's involvement. They asserted "even if the jury returned on a Felony Murder Theory, we know that there is more than enough evidence beyond a reasonable doubt that was presented at trial that [defendant] was the actual killer of the victim."

The court found it was "most likely" that the jury convicted defendant of first degree, willful, deliberate, and premeditated murder "based on all the evidence." "That evidence includes, among other things, the testimony … relating to this 'come up' that was testified to by numerous witnesses, subsequent testimony of … Ms. [Rachel] Demore[, defendant's girlfriend at the time], who gave lots of testimony relating to … admissions made by [defendant], as to what happened in the house while she was outside of the house." The court noted Demore testified she and defendant went to Perry's house

5.

and defendant asked Perry, "[W]here were you[?] … [Defendant] also told Perry that [defendant] beat up the victim, and [defendant] gave [Perry] stolen property."

The trial court concluded, "So there was a lot of evidence that [defendant] actually was the killer in this case. And there was enough evidence to show that a jury may have well concluded that he was convicted of first degree murder, not under the Felony Murder Rule, but because he was actually the killer." The court reasoned, there was "plenty of evidence" defendant was the actual killer, "and that information came from numerous sources." The court also found compelling the People's argument defendant would be ineligible for relief under amended section 189, subdivision (e) if he was the actual killer, if he aided and abetted in the killing, or if he was a major participant in the underlying felony and acted with reckless indifference to human life. The court concluded "there is plenty of evidence in the record that shows [defendant] satisfies all three of those or any alternative of those three to get past the request of the petition to be resentenced." Accordingly, the court denied defendant's petition.

## DISCUSSION

Defendant challenges the denial of his petition for resentencing. We reverse the court's order and remand for further proceedings.

1. **Senate Bill 1437 and Senate Bill No. 775 (2021–2022 Reg. Sess.)**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

6.

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

7.

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of section 1170.95 to expand the scope of the petitioning procedure to defendants convicted of attempted murder or manslaughter under a now prohibited theory.  The legislation also clarified some of the procedural requirements in the statute.

Pursuant to amended section 1170.95, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).)  "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).)  If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*)  "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid*.)

Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)  At the hearing, the burden of proof is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under the amended laws.  (§ 1170.95, subd. (d)(3).)

The admission of evidence at the evidentiary hearing "shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).)  The prosecutor and the petitioner may also offer new or additional evidence to

8.

meet their respective burdens. (*Ibid*.) If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

**2.    Analysis**

Defendant argues the trial court applied the wrong standard of review at the evidentiary hearing. He initially asserted the "law is unsettled about what showing the prosecution must make at a section 1170.95 hearing, following a *prima facie* showing by the petitioner, in order to establish that the petitioner is ineligible for relief." He contended it was the prosecution's burden to show he was not convicted on grounds altered by Senate Bill 1437. The People agreed the court adopted the incorrect standard of review at the evidentiary hearing in holding there was substantial evidence of defendant's liability for murder under present law; but, they contend the denial of the petition should be affirmed because it is not reasonably probable that defendant would have otherwise obtained a different outcome. With regard to the defendant's offer of new evidence below, the People argued defendant improperly attempted to relitigate the factual issues determined against him by the jury at trial. They argued, "the Legislature did not intend section 1170.95 to be used to challenge fact finding from a petitioner's original murder conviction." They asserted, "there was overwhelming evidence that [defendant] was ineligible to have his first degree murder conviction vacated pursuant to section 1170.95." In supplemental briefing, defendant highlights the passage of Senate Bill 775, which, in part, amended section 1170.95 to state: "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing…." He also notes the California Supreme Court vacated the Second Appellate District's opinion in *People v. Duke* (2020) 55 Cal.App.5th 113 in

9.

which the court of appeal held, at the evidentiary hearing on a section 1170.95 petition, the prosecution must prove beyond a reasonable doubt that the defendant *could* still have been convicted of murder under the new law. In their supplemental briefing, the People assert the trial court was not required to admit any of defendant's proffered "new evidence" at the evidentiary hearing because it was inadmissible under the Evidence Code. They argue, to the extent defendant alleged he was entitled to relief because a third party was responsible for the murder, he presented no new, admissible evidence on this point.

Originally, section 1170.95, subdivision (d)(3) stated, "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Stats. 2018, ch. 1015, § 4, subd. (d)(3).) Appellate courts were split over the showing necessary for the prosecutor to carry this burden, and the California Supreme Court granted review to consider whether "the People [can] meet their burden of establishing a petitioner's ineligibility for resentencing under … section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?" (See *People v. Duke*, S265309, Supreme Ct. Mins., Jan 13, 2021.) In November 2021, the California Supreme Court transferred *Duke* back to the court of appeal "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551)." (*Duke*, *supra*, S265309, Supreme Ct. Mins., Nov. 23, 2021.)

Senate Bill 775's amendments to section 1170.95, subdivision (d)(3) expressly provide the prosecution's burden of proof at the hearing to determine whether a defendant is entitled to relief is "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or

10.

189 made effective January 1, 2019." The new legislation clarifies, "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

Accordingly, we agree with the parties the trial court here erred by holding the prosecution to a lesser standard. That is, it is undisputed the court erroneously believed the People's burden of proof at the evidentiary hearing was "to establish that [defendant] could have been convicted … by the jury of murder … even without the Felony Murder Rule." However, the burden was on the prosecution to prove, beyond a reasonable doubt, defendant is guilty of murder under a still valid theory, in light of Senate Bill 1437's amendments to sections 188 and 189.

A trial court abuses its discretion if its decision is based on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156–158 [court abused its discretion in granting motion for new trial based on erroneous legal standards]; see generally *In re Charlisse C.* (2008) 45 Cal.4th 145, 160–161, 167 [juvenile court abused discretion in applying incorrect standard in disqualifying minor's counsel].) Furthermore, Senate Bill 775's amendments to section 1170.95 make clear the trial court's finding in this case is insufficient to establish defendant is ineligible for relief. (See § 1170.95, subd. (d)(3) ["A finding that there is substantial evidence to support a conviction for murder … is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing"].) And, even if we were to evaluate whether the trial court's use of an improper standard of proof constituted harmless error, as the People urge us to do, we cannot conclude the current record establishes what the outcome of a properly conducted evidentiary hearing would be. Thus, we cannot conclude the error was harmless.

Accordingly, we reverse and remand for the trial court to reconsider defendant's eligibility for relief applying the correct legal standard. (See *People v. Knoller*, *supra*, 41 Cal.4th at pp. 158–159 [reversing grant of motion for new trial where it was "uncertain

whether the trial court would have reached the same result using correct legal standards"
and remanding for reconsideration]; accord, *In re Charlisse C*., *supra*, 45 Cal.4th at pp.
160, 167 [where court applied incorrect standard in disqualifying minor's counsel,
prudent course is to remand for rehearing where parties may present additional evidence];
*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435–436 [trial court's order "based upon
improper criteria or incorrect assumptions calls for reversal '"even though there may be
substantial evidence to support the court's order"'"].)  On remand, the court must
evaluate whether the prosecution has proved, beyond a reasonable doubt, that defendant
is guilty of murder under California law as amended by the changes to section 188 or
189.  (§ 1170.95, subd. (d)(3).)  The hearing should be conducted in accordance with
section 1170.95, subdivision (d)(3), which expressly permits the prosecutor and the
petitioner to offer new or additional evidence to meet their respective burdens.

## DISPOSITION

The court's order denying defendant's section 1170.95 petition for resentencing is
reversed and the matter is remanded for the court to hold a new evidentiary hearing at
which the burden is on the prosecution to prove, beyond a reasonable doubt, that
defendant is guilty of murder under California law as amended by the changes to section
188 or 189.  (§ 1170.95, subd. (d)(3).)